property under other circumstances, we are perfectly clear that in this case, where all the parties asked for a termination of the partnership and a winding up of its business, the court is authorized to treat the residuum of real estate, after paying all partnership debts, as held by the partners in co-tenancy.   We can see no reason whatever for holding that because a partnership has in fact existed, the rule as to partnership property should still be applied when it ceases to exist.   The partition will, therefore be decreed.

## PROPERTY LEASED BY LIFE TENANT TO REMAINDERMAN IN CONSIDERATION OF SUPPORT.

Circuit Court of Cuyahoga County.

SARAH ANN DeLONG v. CHARLES W. HORNER AND ADELIA HORNER.

Decided, September 26, 1907.

*Equity—Landlord and Tenant—Court May Decree Money Payment in Lieu of Support.*

Where the owner of a life estate leases the property during the term of her life to the remainderman in consideration of his promise to support and maintain her, and such promise has become incapable of literal fulfillment in a manner tolerable to her, the court may decree an annual money rental in lieu of such support.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

We find in the evidence no ground for rescission of this contract because of the alleged incapacity of the plaintiff to understand that she was conveying a fee simple remainder in her homestead to her newly married son-in-law and daughter and reserving to herself a life estate.   The concurrent arrangement, however, by which the young folks were to live with and support her and run the farm during her lifetime, has proved to be incapable of literal fulfillment in a manner tolerable to the plaintiff.   The ample powers of courts of equity in such cases

are herein fortified by the defendants' consent that the decree may take the form of a money allowance to the plaintiff, in lieu of the mode of support provided in the contract. Since she has a life estate in the farm she is in equity entitled to the net annual rental value of the farm without the improvements made by the defendants. In view of the run down condition of the farm at the time she relinquished it, we find from the evidence that its net annual rental value, without the subsequent improvements, would be $1.50 per acre and the plaintiff is awarded judgment at that rate, per acre, for the full period since she has resided elsewhere, and. at a like rate henceforth, so long as and from time to time when plaintiff shall so reside elsewhere, payably quarterly on the 1st day of October, 1907, and at equal quarterly intervals thereafter. The decree will also carry compensation to her in the amount decreed in the court below for the live stock appropriated by but not assigned to the defendants. The payments now accrued shall be payable within thirty days from this date, without interest, and they, together with such as shall hereafter accrue, are made a lien upon the entire interest of defendants and each of them, save that the defendants may as far as their remainder interest is concerned, granted a right of way for railroad purposes through their property, free of said lien; and the respective rights of the parties for the purpose of a division of any entire compensation that may be jointly received by said parties for such grant, whenever joined in by the plaintiff, are hereby found to be as follows, viz: value of the plaintiff's interest is one-third. and the value of the defendant's interest is two-thirds.

This court retains jurisdiction of this cause for the purpose and to the extent only of enforcing its decree.